Totten, J.,
delivered the opinion of the court.
This action in the circuit court of Gibson, is for the alleged wrongful conversion by defendant of a quantity of lumber claimed by plaintiff to be his property. The verdict on the plea of not guilty was for the defendant, and it is here insisted that the court erred in refusing to grant a new trial:
1. Because it was fully proved that plaintiff had right to the property.
Now, the court below, in view of all the facts and circumstances appearing before it at the trial, being satisfied with the verdict in this respect, the court of errors will not disturb it, unless it be clearly and distinctly against the weight of evidence. It is evident that this court, in looking at the record and bill of exceptions *429 alone, must have a very imperfect view of the facts and circumstances, and of the value of evidence, adduced on a jury trial. See Graham on New Trials, 405, and cases there cited. Hence the great importance a revising court attaches to the opinion of the judge before whom the cause was tried, on a motion for a new trial. In the present case there was conflicting evidence, and we see no sufficient ground to grant a new trial, for the cause above stated.
2. Because illegal and incompetent evidence was permitted to go to the jury; and we are of opinion that in this respect there was error, and that on account of it a new trial should be granted.
The defendant’s claim of title to the lumber in question* was under James M. Lassiter; it had been sold by virtue of an execution against him. and as his property, and the defendant became the purchaser. The question of fact discussed before the jury was evidently this; whether the property was in the plaintiff or James M. Lassiter. It belonged to the one or the other.
Now, in the bill of exceptions it is stated that several witnesses were called on the part of the defendant, who. stated that they had heard Lassiter, who was also a witness, speak of the staves as being his own, but never in the presence of plaintiff; and some of said witnesses “proved that it was notorious in the neighborhood that said staves belonged to Lassiter.” This evidence was objected to by plaintiff’s counsel and the objection overruled.
To test the credit of Lassiter, defendant might ask him if he had not made given statements to third persons about the property; putting the question with the usual *430 certainty; and if he denied it, prove the fact by the person referred to, or by others.
We also think the defendant had a right to prove the acts and conduct of Lassiter, touching the property in question; for the question seems to be whether he was aeting as the plaintiff's agent, or as owner of the property. These things may be proved as circumstances tending to show in whom the title was vested; not that the agent, by any act, conduct, or claim of his, could affect, in the least degree, the right and title of his principal to the property in question.
But that portion of the proof which states that it was matter of general notoriety that the property in dispute belonged to Lassiter, and therefore not to the plaintiff, was, in our opinion, illegal and incompetent, and well calculated to make a decided impression on the minds of the jury. General notoriety is general information and belief, founded necessarily upon hearsay. Such evidence is incompetent to prove title in a case like this. See Graham on New Trials, 236; 1 Stark. Ev. 44.
We, therefore, think it proper to reverse the judgment, and remand the cause for a new trial.